**IMG-234**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3519
_____

YOON PIN YAP,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A088 425 888
Immigration Judge:  Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2010

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 15, 2010)
_____

OPINION
_____

PER CURIAM

Yoon Pin Yap has filed a petition for review of an order of the Board of

Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's

("IJ") final removal order.  We will deny the petition for review.

Yap is a native and citizen of Malaysia. He is of Chinese ethnicity and practices the Buddhist religion. He came to the United States on a visitor's visa but stayed longer than permitted. He applied for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). The IJ found that his asylum application was untimely,[1] but considered his eligibility for other relief. The IJ found that Yap was not credible, that he failed to provide adequate corroboration of his claims, and that he failed to meet his burden of showing eligibility for withholding of removal and protection under the CAT.

The BIA agreed with the IJ's "ultimate conclusion that, even if credible, [Yap] failed to meet his burden of proof for asylum and withholding of removal." A.R. 3. The BIA found that Yap's testimony that he was discriminated against at school by teachers and students, and that he was stopped by police and forced to pay bribes for supposed traffic violations, did not rise to the level of past persecution. The BIA also found that asylum eligibility was not established by the evidence Yap submitted of country conditions. The BIA agreed that Yap had failed to provide reasonably available corroboration of his claims, such as written statements from family members. The BIA also noted that the record did "not indicate that it is more likely than not that [Yap] will face torture by or with the acquiescence (to include the concept of willful blindness) of a

---

[1] On appeal, the BIA agreed with the IJ that Yap's asylum application was untimely, and Yap concedes in his brief here that we lack jurisdiction to consider the issue further.

member of the government of Malaysia upon return to Malaysia." A.R. 4. Yap filed a timely petition for review of the BIA's decision.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. Where, as here, the BIA adopted some of the findings of the IJ and made additional findings, we review the decisions of both the BIA and the IJ. Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 339 (3d Cir. 2008). To be eligible for withholding of removal, Yap must demonstrate that it is more likely than not that his life would be threatened in Malaysia on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). We may reverse the BIA's decision only if the record would compel a reasonable factfinder to conclude that the requisite fear existed. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

The record does not compel the conclusion that the incidents Yap recounted (being punched once, having to pay bribes for traffic incidents) rise to the level of "persecution." See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (defining persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," and explaining that persecution "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional"); Wong v. Att'y Gen., 539 F. 3d 225, 236 (3d Cir. 2008) (observing that "harassment and discrimination do not constitute persecution"); Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir.

3

2005) (holding that "two isolated criminal acts, perpetrated by unknown assailants, . . . [are] not sufficiently severe to be considered persecution").[2] We further agree with the BIA that the record does not reflect that country conditions are such that it is more likely than not that Yap would face future persecution in Malaysia on account of his ethnicity or religion.

Yap submitted evidence that his mother and his sister were both victims of robbery, and that his cousin was tragically beaten to death in a robbery. These incidents are very troubling, but we agree with the IJ that Yap did not show that his relatives were robbed because of any protected ground, as opposed to simply being victims of crime. Further, Yap did not allege that he was in danger of persecution because of his family membership. We thus find that substantial evidence supports the BIA's finding that Yap did not meet his burden of establishing eligibility for withholding of removal.[3]

For the foregoing reasons, we will deny the petition for review.

---

[2] Both the IJ and BIA denied Yap's claims in part because of lack of corroboration. However, even if the incidents Yap recounted had been corroborated, they would not support a finding of past persecution.

[3] Although Yap states that the BIA erred in denying his CAT claim, he does not point to any evidence in the record indicating that it is more likely than not that he would be tortured if he were to return to Malaysia. We thus will deny the petition for review of the denial of his claim for protection under the CAT.